IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARRY LEE DAVIS, JR., )
 )
       Plaintiff, )
 )
v. ) 1:14CV373
 )
JOHN DOE, et al., )
 )
       Defendant(s). )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Harry Lee Davis, Jr., submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names two correctional officers at Albemarle Correctional Facility as Defendants. Plaintiff alleges in Section V of the Complaint (Docket Entry 2) that a medical condition requires him to take medicine which causes him to use the restroom repeatedly after he takes it. Plaintiff arrived at Albemarle Correctional on January 10, 2013, and received his orientation on January 11, 2013. He states that the orientation did not inform him of a restroom policy for inmates attending religious services in the visitation area. On January 12, 2013, Plaintiff attended a religious service in the visitation area. At some point during the service, he needed to use the restroom, but Defendant Officer Furr informed him that he was supposed to use the restroom before coming to the service. Plaintiff claims that he told

Officer Furr that he did use it several times before he came, but that his medicine caused him to need to use it again. Furr allegedly replied that the Officer in Charge told him that inmates could not use the restroom during services and that inmates who did so were to be sent back to their dormitories. Based on these facts, Plaintiff claims that Officer Furr and the Officer in Charge violated his First Amendment right to practice his religion and the Americans with Disabilities Act. He seeks a change in the restroom policy and monetary compensation. (Docket Entry 2, § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). ; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983). For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Here, Plaintiff alleges that Defendants violated his First Amendment right to practice his religion and the Americans with Disabilities Act. A prison cannot substantially burden an inmate's exercise of his religion unless the burden in question is the least restrictive means of furthering a compelling government interest; however, a burden is not substantial unless it "'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)). Plaintiff makes no allegations

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

to support a claim that Defendants placed this level of burden on him. Instead, at most, he claims that his lack of knowledge regarding the restroom policy of his new prison, combined with an officer following orders that did not take the side effects of his medicine into account, may have caused him to miss part of a single religious service.[2] Significantly, he does not allege that this occurred on more than one occasion. The facts alleged do not state a claim for relief because single or isolated incidents do not place a substantial burden on an inmate's exercise of religion. See Brown v. Graham, 470 F. App'x. 11, 15 (2d Cir. 2012) (affirming decision that failure to provide a kosher meal on one occasion did not rise to the level of a substantial burden on an inmate's religion); Pfeil v. Lampert, No. 2:12-CV-00184-S, ___ F. Supp. 2d ____, 2014 WL 1315551, at *8 (D. Wyo. Mar. 31, 2014) (stating that a single missed visit with a minister is not a substantial burden); Stepler v. Warden, Hocking Correctional Facility, No. 2:12-cv-1209, 2013 WL 3147953, at *12 (S.D. Ohio June 18, 2013) (unpublished) (citing cases for the proposition that isolated incidents do not impose a substantial burden); Abdul-Akbar v. Department of Corrs., 910 F. Supp. 986 (D. Del. 1995) (holding that temporarily confiscating religious head gear and failing to address a prisoner by his Muslim name did not substantially burden his free exercise of his religion). Plaintiff's First Amendment claim should be dismissed for this reason.

---

[2] In fact, Plaintiff does not clearly allege even this. He simply states that he needed to use the restroom and that Officer Furr told him of the policy. He does not state whether he actually did use the restroom at any point, whether he actually missed some part of the religious service because he used the restroom, or what part of the service he missed. This Order and Recommendation construes the Complaint in the light most favorable to Plaintiff by assuming that the events described in the Complaint potentially involved Furr removing Plaintiff to his dormitory, thereby causing him to miss part of the service.

Plaintiff also alleges that Defendants' actions violated the Americans with Disabilities Act. "Congress enacted the Rehabilitation Act of 1973 and the [ADA] to protect disabled individuals from discrimination and to require that covered [entities] provide reasonable accommodation to disabled persons." Webster v. Henderson, 32 F. App'x. 36, 40 (4th Cir. 2002) (internal citations omitted). The ADA does not provide any cause of action for a plaintiff to sue an individual defendant in his individual capacity. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Smith v. Potter, No. 1:09CV587, 2010 WL 1500876 (M.D.N.C. Apr. 14, 2010) (unpublished); Swaim v. Westchester Academy, Inc., 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001). To the extent that Plaintiff raises official capacity claims, those claims raise complex issues regarding sovereign immunity. See generally United States v. Georgia, 546 U.S. 151 (2006); Chase v. Baskerville, 508 F. Supp. 2d 492 (E.D. Va. 2007). However, the Court need not delve into those issues because Plaintiff's claims fail for a more basic reason:

> [T]he ADA, [ ] mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Supreme Court has held that this provision applies to state prisoners. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 213, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) ( "[T]he plain text of Title II of the ADA unambiguously extends to state prison inmates."). In order to state a violation of Title II, a plaintiff must allege that: 1) he or she is a qualified individual with a disability; and 2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reasons of his or her disability. See Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir.2004); Atkins v. County of Orange, 251 F. Supp. 2d 1225, 1231 (S.D.N.Y.2003). The second prong requires the disabled plaintiff to allege that his or her

mistreatment "was motivated by either discriminatory animus or ill will due to disability." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir.2001). This animus requirement reflects the purpose of Title II, which is "to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir.1998).

Elbert v. New York State Dept. of Correctional Services, 751 F. Supp. 2d 590, 594-95 (S.D.N.Y. 2010). Here, the facts alleged by Plaintiff effectively preclude the possibility of discriminatory animus. Even according to his Complaint, Plaintiff was new to the prison and did not know of the prison's restroom policy. Likewise, Officer Furr did not know of Plaintiff's medical condition at the time he sought to enforce the policy. When informed of the condition, Furr did not single Plaintiff out for discriminatory treatment, but instead sought to enforce the policy on all inmates as ordered.[3] There is no allegation that the Officer in Charge knew of Plaintiff's condition, much less harbored any discriminatory animus in formulating the restroom policy. Nor does Plaintiff allege that Defendants continued to discriminate against him once they learned of his medical condition. This claim should also be dismissed.[4]

---

[3] This reasoning might not apply to Plaintiff's request for prospective relief requiring a change in the restroom policy. However, that request is moot because Plaintiff is currently housed at a different prison and makes no allegation that the same restroom policy applies at his current prison or that it prevents him from attending religious services.

[4] Plaintiff also filed a Motion for Appointment of Counsel (Docket Entry 3). That Motion will be denied in light of the recommendation of dismissal.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $3.70. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $3.70.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of June, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket Entry 3) is denied.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 8th day of May, 2014.

                          /s/ L. Patrick Auld
                             **L. Patrick Auld**
                   **United States Magistrate Judge**